UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAQUIN TASIS,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.

                                   /

Civil Case No. 13-12437
Criminal Case No. 10-20442-2

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [140]; DENYING MOVANT A CERTIFICATE OF APPEALABILITY; DENYING AS MOOT MOVANT'S MOTION FOR STATUS CONFERENCE [143]; AND DENYING MOVANT'S MOTION FOR SENTENCE REDUCTION [151]**

      On May 6, 2011, a jury convicted Movant of one count of conspiracy to commit Medicare fraud, in violation of 18 U.S.C. § 1349; three counts of health care fraud, in violation of 18 U.S.C. §§ 2 and 1347; and one count of conspiracy to violate the health care anti-kickback statute, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(1)(A).  On December 2, 2011, the Court sentenced Movant to six-and-a-half years (78 months) of imprisonment on the first four counts and five years (60 months) of imprisonment on the last count, to run concurrently. Movant appealed.  The Sixth Circuit affirmed the judgment on October 4, 2012. *United States v. Tasis*, 696 F.3d 623 (6th Cir. 2012).

On June 3, 2013, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [140]. On March 13, 2014, he filed a Motion for Status Conference [143]. On October 7, 2015, the Court issued an Order [147] requiring the United States to file a response to Movant's motion to vacate his sentence. The United States filed its Response [153] on December 14, 2015. Prior to that, on November 6, 2015, Movant filed a Motion for Reduction of Sentence [151].

For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [212] is **DENIED**, and Movant is **DENIED** a certificate of appealability. Movant's Motion for Status Conference [143] is therefore **DENIED** as moot. Finally, Movant's Motion for Sentence Reduction [151] is also **DENIED**.

## FACTUAL BACKGROUND

Evidence at trial supported the allegation that Movant participated in defrauding Medicare through fraudulent "infusion clinics" in Miami, Florida, in 2005 and 2006. Movant and his Miami co-conspirators targeted Medicare beneficiaries living with HIV, bribed them for use of their Medicare information, and used that information to bill Medicare for infusion therapy drugs that were not provided.

Meanwhile, Clara and Caridad Guilarte, owners of the Dearborn Medical Rehabilitation Center (DMRC) in Livonia, Michigan, were operating a fraudulent

infusion clinic as well. They informed one of Movant's co-conspirators, Daisy Martinez, that Medicare was paying well for their fraudulent treatment of beneficiaries living with HIV and/or Hepatitis C. On or about January 2006, Movant, his brother Martin, Martinez, and co-conspirator Jose Rosario traveled from Miami to Michigan, where they joined the DMRC scheme (the subject of the indictment in this case).

Movant played a managerial role in DMRC's recruitment of Medicare beneficiaries. For instance, after DMRC's lead recruiter expressed dissatisfaction with his pay, threatening to alert law enforcement, Movant met with him and negotiated a pay raise. Further, a DMRC co-conspirator who provided oversight of the lead recruiter routinely sought guidance and decision-making authority from Movant. Finally, Movant provided approximately $7000 in funding for recruitment efforts.

Movant was indicted on July 16, 2010. A Superseding Indictment [62] was filed March 29, 2011. On May 2, 2011, after jury selection but before the beginning of trial, government counsel informed the Court, in response to the Court's inquiry, that the government had made an oral Rule 11 plea offer. Movant's counsel informed the Court that he had conveyed the offer to Movant, but Movant had "wished to pursue his defenses from the beginning." After trial, the jury convicted Movant.

ANALYSIS

I.  **Motion to Vacate, Set Aside, or Correct Sentence [140]**

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Movant argues that his due process rights were violated by the Court's failure to hold a competency hearing. He further argues that his constitutional right to counsel was violated by his counsel's ineffective assistance.

   A.  **The Court's failure to hold a competency hearing**

By statute, the Court is required to hold a hearing to determine a criminal defendant's mental competency to stand trial if there is reasonable cause to believe the defendant is incompetent. *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004) (quoting 18 U.S.C. § 4241(a)). Due process also requires the Court to hold a competency hearing where evidence raises a bona fide doubt as to a criminal defendant's competence to stand trial. *Id.* at 547. "A defendant is competent to stand trial if he has a rational as well as factual understanding of the proceedings against him and has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *United States v.*

*Heard*, 762 F.3d 538, 541 (6th Cir. 2014) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)) (internal quotation marks omitted). "Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)) (internal brackets omitted).

The Court was never presented with reasonable cause to believe Movant was incompetent to stand trial. The only evidence of incompetence identified by Movant is an expert report prepared, at the request of Movant's counsel, by clinical psychologist Lisa Potash after Movant was convicted. Dr. Potash was not a treating provider for Movant; she prepared her report after reviewing his medical records and meeting him (along with his wife and eldest daughter) one time. Dr. Potash opined that Movant experienced various symptoms associated with posttraumatic stress disorder (PTSD) and traumatic brain injury. She did not, however, express any opinion on how these symptoms affected Movant's competence to stand trial. Instead, she addressed how Movant's symptoms affected his ability to withstand incarceration—a markedly different issue.

It is true that Dr. Potash identified symptoms that could impair Movant's ability to assist in his defense, such as short-term memory loss and difficulty with sustained concentration. In light of Movant's demeanor at trial, however, the mere

identification of such symptoms did not raise reasonable cause to doubt Movant's competency.  In addition to speaking briefly at his arraignment and at his sentencing hearing, Movant provided trial testimony for roughly two hours on May 5, 2011.  Movant testified in a manner raising no doubts about his ability to understand the proceedings and assist in his defense.  Though he twice invoked his health problems as an explanation for not remembering certain details, those details were remote in time.  Since memory is imperfect for even the healthiest individual, Movant's occasional assertions of forgetfulness did not give the Court reasonable cause to doubt his competence.  Nor did any other evidence.

In sum, the Court's decision not to hold a competency hearing did not violate Movant's due process rights.

### B. Ineffective assistance of counsel

Movant alleges a violation of his constitutional right to the effective assistance of counsel.  To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Movant identifies several alleged deficiencies in his counsel's performance.  None, however, meet the *Strickland* standard.

### 1.    Failure to file motion to determine competency

Movant faults his counsel for failing to file a motion for a competency hearing. Even if counsel had filed such a motion, the Court would be required to hold a competency hearing only if it found reasonable cause to believe Movant was incompetent. 18 U.S.C. § 4241(a). As explained above, nothing presented to the Court established such reasonable cause. Movant has not identified additional evidence of incompetence that his counsel should have presented to the Court. Thus, Movant has not shown that his counsel's failure to file a motion for a competency hearing constituted deficient performance or prejudiced his defense.

### 2.    Advice to reject plea deal

Movant faults his counsel for advising him to reject a plea deal pursuant to which the government would recommend a sentence no greater than four years.[1] According to Movant, his counsel advised him to proceed to trial because the government had "no evidence" other than the testimony of three "snitches" or "rats." Counsel allegedly boasted that he was a "rat killer" and would therefore "destroy" these witnesses' credibility.

---

[1] In its Response, the government asserts that its plea offer was not for a four-year sentence, but for a sentencing guidelines range of 4.75 years (51 months) to nearly six years (71 months). Because the government points to no evidence concerning its plea offer, the Court assumes, for purposes of this motion, that Movant has accurately characterized the offer.

Assuming that counsel provided this advice, and that the advice constituted deficient performance, Movant's claim nevertheless fails because he has not alleged prejudice. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). Movant does not even assert, let alone provide or point to any evidence, that he would have accepted the plea offer absent counsel's characterization of the government's evidence and his own witness-impeaching skills. Without allegations or evidence in support of prejudice, Movant's claim for ineffective assistance concerning the plea offer is simply too speculative.

### 3.     Opening the door to evidence of prior fraud

Movant faults his counsel for asking questions at trial that allegedly led the Court to admit evidence of Movant's involvement in the Florida fraud schemes. Because the Florida fraud predated the conduct encompassed by the indictment, the Court initially ruled that the government could not introduce evidence of it. The government filed a Motion for Clarification [72]. In arguing the motion, government counsel explained that two of Movant's Florida co-conspirators would testify for the government; posited that defense counsel might, on cross-

examination, create the impression that these co-coconspirators had no prior relation to Movant; and asked if, in that case, the government could ask about the Florida schemes on redirect examination to clarify the existence and nature of their prior relationship.  The Court declined to rule on the hypothetical situation.

    At trial, Movant's co-conspirator Daisy Martinez testified for the government.  While cross-examining Martinez, Movant's counsel asked how many schemes she and another co-conspirator, Jose Rosario, had participated in together.  Government counsel called a sidebar and argued that Movant's counsel had opened the door to evidence of the Florida schemes.  The Court indicated that the door would not be opened if counsel withdrew the question, which he did.  Counsel for Movant's brother Martin proceeded to cross-examine Martinez.  During her cross-examination, Martin's counsel asked Martinez if it was common practice for her to trust the people with whom she worked, which Martinez confirmed.  After a recess, government counsel argued that questioning on Martinez's trust in her co-conspirators opened the door to asking about the basis for that trust, which could lead to testimony about her prior partnership with Movant in Florida.  The Court responded that the government could ask about the basis for Martinez's trust and that if her answer involved the Florida schemes, the door had been opened.  On redirect examination, government counsel reminded Martinez of the question from Martin's counsel concerning her trust in her co-conspirators, asked if she trusted

Martin, and asked why. Martinez responded that they had worked together before in Miami. Over the objection of Martin's counsel, the Court allowed the government to proceed to elicit testimony concerning the Florida schemes.

Movant faults his counsel for opening the door to this evidence by asking Martinez if it was common practice for her to trust the people with whom she worked. As mentioned, however, this question was not asked by Movant's counsel; it was asked by counsel for his brother Martin. Government counsel even referred to Martin's counsel by name when beginning the line of questioning that first elicited testimony concerning the Florida schemes. Thus, Movant has failed to show that the admission of such evidence was attributable to the deficient performance of his counsel.

### C. Conclusion on motion to vacate sentence

Movant has failed to show a violation of his constitutional rights to due process and the effective assistance of counsel. Accordingly, Movant's Motion to Vacate, Set Aside, or Correct Sentence [212] is denied. Movant has also failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Movant a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Finally, the denial of Movant's motion renders moot his Motion for a Status Conference [143]. The latter motion is therefore denied as well.

## II. Motion for Sentence Reduction [151]

Movant "moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)." However, Movant fails to identify or discuss any sentencing guideline range or any act of the United States Sentencing Commission.[2] Movant simply asks the Court to consider his "post-sentencing conduct and rehabilitation." He identifies no authority, however, for reducing his sentence on that basis. Accordingly, the Court must deny Movant's Motion for Sentence Reduction [151].

### CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [212] is **DENIED**. Movant is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that Movant's Motion for Status Conference [143] is **DENIED** as moot.

---

[2] The Court has recently received many motions for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines, which "changed the quantity floors for many offenses listed in the Sentencing Guidelines' Drug Quantity Table." *United States v. Freeman-Payne*, 626 F. App'x 579, 585 (6th Cir. 2015). The sentencing guideline ranges for Movant's convictions, however, were determined without reference to the Drug Quantity Table. Thus, even if Movant intended to invoke Amendment 782, it is inapplicable here.

**IT IS FURTHER ORDERED** that Movant's Motion for Sentence Reduction [151] is **DENIED**.

**SO ORDERED**.

Dated: April 19, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge